UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OSCAR ODEL MEMBRENO-ARANA,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26cv1457 DRL-SJF

ORDER TO SHOW CAUSE

Immigration detainee Oscar Odel Membreno-Arana, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

According to the petition, Mr. Membreno-Arana is a native and citizen of Nicaragua who first attempted to enter the United States in 2008. He says he was arrested by Customs and Border Patrol in 2008 and removed to Nicaragua. He alleges he reentered the United States in 2019, was arrested at the southern border, and was served with a reinstatement of a prior removal order. He says he was then released under a supervision order.

Mr. Membreno-Arana alleges that, on March 26, 2025, Indianapolis ICE Enforcement and Removal Operations (ERO) arrested him and revoked his supervision order. He says he asserted a reasonable fear claim and was eventually granted withholding of removal under the Convention Against Torture on December 30, 2025. After this, he reports that he was released from ICE custody on another supervision order, until his arrest by local police

on April 13, 2026 for domestic battery. ICE revoked his supervision order and detained him. No charges were filed on the domestic battery charge [2-2].

Mr. Membreno-Arana filed this habeas petition, arguing that his continued detention is unlawful because his removal is not reasonably foreseeable. He argues his removal is not reasonably foreseeable because he cannot be removed to Nicaragua due to the CAT relief he was granted, and no third country has been identified for his removal. The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

When answering the petition, the respondent should consider that some issues regarding detention under 8 U.S.C. § 1231(a) have already been decided by the court. The court has determined that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips the court of jurisdiction over a habeas petition challenging a petitioner's detention under § 1231(a), *see Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026), and that the court has the authority to determine whether a noncitizen, who remains present within the country and who has been ordered removed, has been detained longer than necessary to secure removal, *see id.* at 3-5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Suarez Martinez*, 543 U.S. 371 (2005)).

To the extent the parties would raise the same arguments regarding subject matter jurisdiction or the applicable standard for analysis already discussed in *Liang* (or in the cases it cites), there is no need to rehash these same arguments. The parties may preserve their

points, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's decision in *Liang*, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and then those issues particular to this petitioner. Naturally, the record of whether a petitioner has met his burden of showing, or whether the government has rebutted this showing, that there is no significant likelihood of removal in the reasonably foreseeable future will be unique to each petitioner.

For these reasons, the court:

(1) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 3);

(2) DIRECTS the clerk to serve a copy of this order and the petition (ECF 2) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(3) DIRECTS the clerk to email a copy of this order and the petition (ECF 2) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(4) ORDERS those listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(5) ORDERS the respondent to file a brief status report by **October 15, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Oscar Odel Membreno-Arana from the United States in the next thirty days and, if so, to where; and

(6) ORDERS the respondent to answer the petition by **October 27, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal interview and any other custody reviews following Oscar Odel Membreno-Arana's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(7) GRANTS the petitioner until **November 17, 2026**, to file a reply in support of his petition.

SO ORDERED.

October 13, 2026

*s/ Damon R. Leichty*
Judge, United States District Court